No. 367

First Circuit

MENARD v. EDMOND WEIL, INC.

(December 4, 1928. Opinion and Decree.)

O. P. Carriere, of New Orleans, and Percy T. Ogden, of Crowley, attorneys for plaintiff, appellant.

W. J. Carmouche, of Crowley, attorney for defendant, appellee.

MOUTON, J. It is alleged by plaintiff that he was employed by defendant company from the 1st of August, 1925, for a term of twelve months, ending July 31, 1928, at a salary of eighteen hundred dollars for the year, payable at the rate of one hundred fifty dollars monthly, plus a bonus at the end of the season upon profits, if any were realized by defendant corporation.

He avers that this contract of employment was by the conduct of the parties actually renewed, reconducted and continued from year to year from the expiration of the first year of the agreement, until the 31st of July, 1928.

He alleges that he discharged his duties faithfully under the terms of the contract from August 1, 1925, without interruption until January 7, 1928, when without ground or legal cause, he was discharged by defendant notwithstanding his immediate protests.

Alleging that under the asserted reconduction, his contract ran until July 31, 1928, and, that having been discharged on January 7, 1928, as averred, he claims he is entitled to one thousand fifty dollars, being the total sum due him for seven months' salary on the unexpired term of his contract.

. The contract was verbal.

Plaintiff testifies that the contract was entered into with defendant corporation in the early part of the month of July, 1925, at the Broussard Drug Store in Rayne, Louisiana. He was asked by whom he was employed.

His answer thereto is as follows:

"No one in particular, in fact the whole Board of Directors, Mr. Broussard, Mr. Holt, Mr. Bass."

He was then asked what was the nature of this verbal agreement. He said:

"That I would be employed for the cotton season at eighteen hundred dollars per year, payable one hundred and fifty dollars per month, plus a bonus at the end of the season."

In connection with the foregoing, he explains that when he said a season, he meant a season of twelve months.

The record shows that Edmond Weil, O. Broussard and J. H. Bass were the members of the Board of Directors of defendant corporation at that time.

Bass testifies that he was not present at the Broussard Drug Store when the contract was entered into on the occasion mentioned by plaintiff as hereinabove stated. Plaintiff was therefore mistaken when he referred to Bass as being present, but was correct in stating that Broussard was present and also that Holt was there, although the proof shows that the latter was a stockholder in the corporation, and was not a member of the Board of Directors. Weil, although not mentioned by plaintiff as being there at the time, was, however, present and testifies to the conditions of the contract.

Broussard, owner of the drug store, testifies that it was at this conference that plaintiff was definitely employed; that he was employed at one hundred fifty dollars per month, and is certain that no mention was made about eighteen hundred dollars for his services per year. Broussard is very positive and unequivocal in his testimony on this question.

Weil is equally certain that nothing was said then about plaintiff's engagement at eighteen hundred dollars a year.

Holt, the stockholder, who was also present as hereinabove stated, says plaintiff's salary was to be one hundred fifty dollars per month, and that nothing was said about his employment being by the year, at eighteen hundred dollars.

The testimony of the plaintiff that his employment was by the year at eighteen hundred dollars for that period of time is flatly contradicted by the members of the Board of Directors of defendant corporation as shown by their positive testimony, and by that of Holt, a stockholder therein.

As plaintiff testified he had not been employed by any one "in particular," but by the whole Board of Directors, whose members unequivocally testify that he was employed by the month and not by the year, and in direct contradiction of his testimony on the subject, the inevitable conclusion is that plaintiff has failed to carry the burden of proof on this, the vital issue in the case, and as a matter of fact, defendant corporation has shown by a preponderance of the evidence, that no such agreement as was alleged by plaintiff was ever entered into.

In order, we presume, to overcome this damaging testimony, plaintiff claims that he was induced by Weil, president of defendant corporation, to leave a lucrative position he had with the Hibernia Bank, and to take the position of bookkeeper,-cashier, and to run the office in defendant company, at an annual salary of eighteen hundred dollars, as before stated

Weil says he told plaintiff if he took the position offered he would get in a business which in the future would be better for him than the work he was then doing on a salary in the Hibernia Bank. Weil denies, however, that he at any time said to plaintiff his employment, if he accepted his offer, would be for a season or by the year at eighteen hundred dollars. This evidence of Weil is corroborated by the fact that the contract when entered into at the drug store, was conditioned on a monthly and not on an annual salary. Besides, the record shows that plaintiff's main employment was as bookkeeper, that he was an office man, and that for this character of employment the engagements by defendant company were invariably by the month and not by the year.

A corroborating circumstance that these office engagements were for monthly terms instead of annual, appears from the fact that when plaintiff was discharged, the other employees in the office force were likewise dismissed from further service.

Plaintiff said also that in addition to the eighteen hundred dollars yearly consideration for his employment, he had been promised a bonus at the end of the season.

It is not denied by defendant that a bonus was promised, upon the expected profits of the venture which, however, never materialized. It is frankly admitted that this promise was made by defendant, but it is shown in connection with this admission, that bonuses were usually promised to its other employees to be awarded at the end of the fiscal year, always, however, with the understanding, if profits were realized. The bonus so offered finds therefore full explanation in the light of defendant's evidence, and leaves no room for the inference that the bonus could impress the employment as a seasonal one, in character.

After considering the evidence from every angle the conclusion is irresistible that the contract was not by the year, but was by the month at one hundred and fifty dollars.

As no contract was originally entered into August 1, 1925, by the year, as alleged by plaintiff, no agreement of that character ever existed. Having no existence, its renewal or reconduction was a legal impossibility. Hence, there is no foundation for the demand which is grounded on the allegation that plaintiff was discharged from service in violation of his agreement with defendant corporation, and is entitled to one thousand fifty dollars for the unexpired period of the contract alleged as ending on July 31, 1928, under the asserted renewal or reconduction.

This view of the case disposes of the demand adversely to the claims of the plaintiff, and renders unnecessary any reference to the decisions cited by counsel which can have no possible application the reasoning upon which the contest herein is determined.

The main demand being settled in the manner above stated, the next and last question submitted is as to whether or not plaintiff is entitled to the thirty dollars decreed below in his favor.

Plaintiff, as we have stated, was employed by the month at the rate of one hundred fifty dollars. He was discharged, defendant contends, in December, 1927, and was given a check for two hundred twenty-five dollars in payment of his salary to the 31st of that month. This payment was made as appears by the check in the record.

Weil testifies that plaintiff had been discharged prior to his trip to New Orleans, for the Christmas holidays. Weil says as plaintiff was leaving on this trip, he told him, if he could do something for him he would be glad to do so; that subsequently, having learned from Broussard that the Stam Sheele Mfg. Company was looking for a bookkeeper, he wrote plaintiff a personal letter informing him of that fact. The letter is in the record telling plaintiff that Stam Sheele Company was in need of a bookkeeper; and expressing the hope that plaintiff would get the place. If plaintiff had not been discharged there would have been no reason for such a letter which confirms the testimony of Weil that plaintiff had been dismissed from further service. Plaintiff denies that he was discharged in December, 1927, but the preponderance of the evidence supports the testimony of Weil on this question, and authorizes the conclusion that his discharge was to take effect on January 1, 1928.

It is shown that after he returned he worked on the books until January 7, 1928. There is no proof that his contract by the month was renewed for January, 1928 It seems that he was merely permited to balance his books and worked with that object in view until January 7, 1928.

The Court allowed him thirty dollars, we presume, on a quantum meruit, which although not claimed, was proved without objection, thus enlarging the pleadings, and sustaining the legality of the decree for that sum, which we are not disposed to disturb.